Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CM0406-09 |
|---|---|---|
| vs. | ) ) ) | |
| SAWATA AISEK, | ) ) | DECISION AND ORDER |
| Defendant. | ) ) ) | |

This matter came before the Honorable Alberto C. Lamorena III on June 30, 2009 on Defendant's Motion to Dismiss. Attorney Kimberli Raines appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Jocelyn M. Roden. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On May 20, 2009, the Defendant was arrested and subsequently charged with the offenses of Family Violence, Assault, and Criminal Mischief as Misdemeanors. The Declaration by the People alleges that the wife of the Defendant informed the arresting officer that the

-1-

Defendant came home intoxicated, "that an argument ensued and that he picked up a rock and threw it to the rear windshield of her vehicle."

## DISCUSSION

Defendant argues that the case should be dismissed on because the Declaration fails to allege the elements required to support the charges filed against him. Specifically, that there is no allegation of injury or fear of bodily injury to support the charges of Family Violence and Assault, and that Defendant is a partial owner of the vehicle as it is community property, and that his ownership interest invalidates the charge of Criminal Mischief as an essential element is the damaging of the property of another.

Title 8 G.C.A. §15.10 provides that misdemeanor charges are subject to the same rules of pleading as an indictment or information under Title 8 G.C.A. Chapter 55. Title 8 G.C.A. §55.10 provides that the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. The note to this section adds that where a complaint serves as the accusatory pleading, it is also subject to this rule. An indictment or information needs to contain the necessary elements of the crime alleged. People v. Angoco, 1996 WL 875777 (D.Guam 1996).

While the unsworn Complaint provided includes the essential facts of the offenses, the People have failed to provide, in its sworn Declaration, elements constituting the offenses charged. They have not alleged the victim had any fear of bodily injury sufficient to support the charges of Family Violence or Assault, nor have they alleged any damages to the vehicle sufficient to support the charge of Criminal Mischief.[1] The issue, then, is whether a complaint

---

[1] Defendant's alleged community property interest in the vehicle is insufficient to null the charge of Criminal Mischief, as Title 9 G.C.A. §34.10(c) provides: "Property is that of another if anyone other than the defendant has a

-2-

that supplies the essential elements of a crime, but does not supply a declaration under penalty of perjury that establishes probable cause that a crime has been committed and that the Defendant committed it is sufficient.

The note to Title 8 G.C.A. §15.30 provides that the prosecution must show probable cause and include sufficient evidence to show that the Complaint is truthful and accurate. A Complaint, if not submitted under penalty of perjury, is not evidence. The only evidence submitted with the Complaint was a Declaration that failed to supply probable cause. However, as dismissal is a drastic step, and the Defendant has not suffered any prejudice, the Court shall allow the People fifteen (15) days from the issuance of this Decision and Order to submit an amended Declaration. If it is not submitted within that time, the Court shall dismiss the case without prejudice.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss is DENIED. A trial setting will be held on September 8, 2009 at 2:00 P.M.

**IT IS SO ORDERED** this 3rd day of August, 2009.

Original Signed By:
Hon. Alberto C. Lamorena, III

Alberto C. Lamorena III
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 4 2009

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

possessory or proprietary interest in any portion thereof." Even if the Court were to assume Defendant owns 50% of the vehicle, the Declaration sufficiently identifies the possessory interest of the alleged victim.

-3-